Geiger, J.
Tbe plaintiff in ber petition alleges tbe death of Charles E. Patrick and that on tbe 22nd day of October, 1917, a paper writing purporting to be tbe last will and testament of tbe said Patrick, dated May 10, 1913, and two codicils dated, respectively, May 13, 1913, and April 20, 1915, were admitted to probate; that said paper writings are not the last will or the codicils of said Patrick. Plaintiff prays that an issue be made up as to whether such paper writings are tbe last will and codicils of said decedent.
*386 On December 10, 1919, a motion was filed to amend tbe petition by inserting such facts as would disclose that there was a third codicil to said will, dated August 11, 1915, but not mentioned in the petition. The will and codicils having been probated on the 22nd of October, 1917, more than a year had elapsed before the filing of the motion to amend the petition and counsel for defendant urged that under the provisions of Sections 10531 and 12087, G. C., limiting the time in which a contest of a will may be begun, the plaintiff can not amend her petition so as to raise an issue as to a codicil not mentioned in the petition.
The court overruled the motion on the ground that if it was necessary that the third codicil be mentioned in the petition before it could b'e attacked as invalid, the time in which such action might be .taken had expired, and that if such an attack might be made under the petition as filed, it would not be necessary to amend the petition so as to mention the third codicil.
Counsel now apply to the court to make up the issue, as directed by Section 12087, which provides ‘ ‘ an issue must be made up either by pleadings, or an order on the journal, whether or not the writing produced is the last will and codicil of the testator, which shall be tried by a jury.”
The will of the testator, with the three codicils appended, were all written on the same sheet of paper and were probated at the same time under the following order of the court:
“Whereupon, the court finds that the foregoing instruments of writing are the last will and testament and the codicils of said Ob arles E. Patrick, deceased. # * * It is therefore by the court ordered that said will and codicils be admitted to probate. ’ ’
The third codicil, which was not mentioned in the petition, and concerning which the controversy now arises, was dated on the 11th day of August, 1915, and is as follows, except the attestation
“1, Charles E. Patrick, do hereby declare this paper writing to be a codicil to my last will and testament bearing date of May *387 10th, 1913. I hereby revoke Item 7 of my said last will and testament, and hereby confirm and ratify my said last will and testament and codicils thereto, in all other respects.”
It is claimed by the defendant that the third codicil was a separate testamentary act of the testator, and that thereby he confirmed and ratified the will bearing date of May 10, 1913, and that said ratification made a new testamentary disposition of his estate as of the date of the codicil.
“A properly executed codicil, which is attached to a will, or which refers to it specifically as by its date and contents, acts as a republication of the will as of the date of the codicil.” Page on Wills, Sec. 307.
The position urged by counsel for defendant is that the plaintiff not having made an attack specifically upon the third codicil to the will, and such codicil having confirmed and ratified the will by proper designation, the will by such confirmation and ratification becomes a valid testamentary instrument, binding from the date of the probate, and that therefore even though the plaintiff successfully attack the will and the two codicils specifically mentioned in her petition, the wall and the two codicils must stand because ratified and confirmed by the subsequent codicil not mentioned specifically in the petition.
On the other hand, it is urged by counsel for plaintiff that in as much as the issue that must be submitted to the jury is “whether or not the -writing produced is the last will or codicil of the testator,” that the will and all the codicils attached thereto, may be attacked, even though one of the codicils be not specifically mentioned.
It must be conceded that a party -wishing to attack a testamentary instrument, would have the right under the statute, to at1 aek one or more of the codicils without involving the validity of the will itself, and it is urged that conversely, he may attack the will itself without attacking a codicil appended thereto.
It must also be conceded, even though an attack upon a will and some of its codicils be successfully made, that if there is a *388 subsequent codicil confirming and' ratifying tbe will, which is not successfully attacked that the valid codicil makes good the will which was successfully attacked.
If the will is republished • by the valid codicil, it is valid, no matter what defects may have originally existed in its execution. Page on Wills, Section 311.
It is first, of interest to determine the exact relation of a codicil to a will. Section 10502 of Chapter Two, relating to the execution and probate of wills, provides:
“In this title, the term ‘will’ includes codicils.”
However, this statutory definition is in a measure modified by Section 12079, in the Chapter relating to contests of wills, which provides:
“A person interested in a will or codicil admitted to probate,” etc.
These two sections indicate that as to the execution and probate of wills, the term “will” should include codicil, but that in the Chapter relating to contests, the two. may be regarded as separate testamentary dispositions.
Hitchcock, Judge, delivering the opinion of the court, in the case of Negley v. Gard, 20 Ohio, 315, says:
‘ ‘ In construing a will, to which are attached or added codicils, the whole is to be taken together as one instrument. The codicils constitute a part of the will.”
In the case of Collier v. Collier, 3 O. S., 269 Ranny, .J., at page 373, says:
“In endeavoring to elicit the intention of the testator, the will and codicils must be read and considered together” — citing Negley v. Gard, and quoting Chancellor Kent.
These rules are laid down in reference to construction of wills, and not to their contest.
In the will now before the court, the third codicil disposes of no estate, except as it refers back to the body of the will.
Section 12082 provides that an issue must be made up, wheth *389 er or not the writing produced is the last will or codicil of the testator. This section is discussed at large in the case of Dew v. Reed, 52 O. S., 519, wherein it is held that rules of pleading under the Code, when inconsistent with the statutory provisions relating to contests, are inapplicable; the action must be conducted in conformity with the special proceedings.
“The issue to be made up and tried in such actions having been prescribed by the statute, can not be varied or restricted by averments in the pleadings, but must be the same, whether made up by the pleadings or by an order on the journal of the court: viz.: ‘whether the writing produced is the last will or codicil of the testator, or not.’ ”
It is further held that upon the trial of that issue any competent evidence tending to prove that for any reason the instrument in contest is not the valid will of the testator, is admissable and should receive proper consideration by the jury, although the specific ground of contest to Which the evidence relates, is not alleged in the petition.
Whether the issue be made up by the pleadings or the order of the court, it must 'be the broad issue required by the statute, whether the instrument produced is the valid will of the alleged testator, and as the proof may be commensurate with the issue, any competent evidence tending to prove that for any reason it is not his valid will, is admissable.
The principles of this case declare the rules that should control the admission of the testimony in the trial of the issue made.
It is only necessary that the petition seeking to contest an instrument, allege that the same is not the valid last will and testament of the decedent, to permit the introduction of any evidence that will assist the jury in determining the issue thus made.
It must follow, in the case at bar, that in as much as the plaintiff’s petition has plead that said paper writings are not the last will and testament, nor the codicils of the testator, *390 that she may introduce any evidence that will enable the jury to arrive at a proper verdict upon this issue. It must further follow that upon the trial, the plaintiff may introduce evidence showing the lack of testamentary capacity of the testator, both at the time he made the will, and at the time he made the first and second codicils. If the plaintiff stopped at that point, she would necessarily fail, even though she may have specifically mentioned the third codicil in her petition. If she was successful in showing the lack of testamentary capacity at the time of making the will, and at the time of making the first and second codicils, she could not be excluded from the right to attack the third codicil, by showing lack of testamentary capacity, even though the third codicil were not specilcally mentioned in the petition, for the reason that she has the right to introduce evidence bearing upon the issue made by , the entry, and clearly it would be pertinent to that issue to show that the will and the first and second codicils, which may have been successfully attacked, were not re-established by the third codicil.
The court is clearly of the opinion that even though the plaintiff had attacked only the will, without mentioning either of the codicils, that under the issue made she would have the right to show that at the time of executing the codicils, the testator was without testamentary capacity, because the ability of the testator to make valid his will executed at the time he was without testamentary capacity by subsequent re-publication through the codicils, would depend on whether or not at the time he made the codicils, he had testamentary capacity.
The attack by the plaintiff upon the will necessarily requires her to attack the subsequent codicils confirming and ratifying that will, and she must do that under the issues made, even though her original attack was upon the will alone.
See also, Stacey v. Cunningham, 69 O. S. 176; Kilpatrick v. Humphrey, 8 O. N. P., 245; Haynes v. Haynes, 33 O. S., 598; Brown v. Griffith, 11 O. S., 329.
The court would be quite content to let. the issue go to the jury as to whether or not the will and the first and second *391 codicils thereto, were the valid last will and codicils of the testator, and under such issue permit the plaintiff to introduce testimony showing the lack of testamentary capacity of the testator at the time he made the third codicil, as throwing light upon the issue so made, but the court is invited and urged, and it becomes his duty to make the issue by a journal entry.
The probate of the will and its three codicils was a single proceeding, resulting in a single order of the court, and the statute — Section 10525 — provides that when it is admitted to probate, the will, which under that chapter would include the codicils, shall be filed and recorded, and Section 10534 provides that when the probate court receives from the clerk of the common pleas court the certificate that .a.petition has been filed to contest the validity of the will admitted to record, that the probate court shall transmit the will, the testimony, and all papers relating thereto, with a copy of the order of probate.
These sections in reference to the probate of a will, including as they do the codicils, seem to the court to make up the writing which is to be produced, and this notwithstanding the fact that it may be conceded that the plaintiff may have attacked a single codicil without attacking the will, in which event the jury could find that the will was a valid last will, but the codicil thereto was not.
In the ease of Chilcote, Guardian, v. Hoffman, 97 O. S., 98, at the bottom of page 107, Donahue, delivering the opinion of the court, says in reference to the statutes touching upon contests :
‘ ‘ This is a remedial statute and must receive a liberal interpretation.”
This invites the court to a liberal interpretation of the statutes, notwithstanding the statement of Matthias in the case of McVeigh v. Fetterman, 95 O. S., 292, that no right exists to maintain an action to contest a will, except as it is specifically provided by statute, and the right thus conferred is subject to the conditions and limitations imposed.
*392 The court is therefore of the opinion that the proper issue to submit to the jury is whether or not the writing produced is the valid last will and codicils of the testator, and that under such issue the jury should have submittel to it all evidence bearing either upon the execution of the will or of any of the codicils, and that the verdict of the jury should respond to this issue in reference to the -will and to each of its several codicils.
It would be impossible to submit the issue of the validity of the will to the jury without submitting to it the issue as to the validity of its several codicils, each of which republished the will as of its date.